WO                                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Jimenez, | No. CV 21-01544-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Julie P. Newell, et al., | |
| Defendants. | |

On September 9, 2021, Plaintiff Marco Antonio Jimenez, who is not in custody, filed a "Motion to reopen and order to bring forth a jury trial as it is a Right" (Doc. 1), which the Clerk of Court docketed as a Complaint, and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court will grant the Application to Proceed and will dismiss the Motion to Reopen and this action.

**I.      Application to Proceed and Filing Fee**

The Court, in its discretion, will grant the Application to Proceed. Plaintiff will be allowed to proceed without paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

**II.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Motion to Reopen will be dismissed without leave to amend because the defects cannot be corrected.

### III. Motion to Reopen

In his Motion to Reopen, Plaintiff names as Defendants: United States Circuit Judge Bridget S. Bade; United States District Court Judges Neil V. Wake, Susan R. Bolton, and

David G. Campbell; retired United States District Court Magistrate Judge Jay R. Irwin; Arizona Superior Court Judge Christopher T. Whitten, and former Arizona Superior Court Commissioner Julie P. Newell.

Plaintiff asserts that on July 2, 2008, he was "wrongfully charged and imprisoned for aggravated assault on a police officer." He contends another action was "wrongfully administered and dismissed" by Defendants Newell, Wake, Bolton, Campbell, and Irwin, and another action was "wrongfully adjudicated," "wrongfully dismissed and . . . dismissed with prejudice" by Defendants Wake, Bolton, and Campbell. Plaintiff states he is "going after the Defendants because they had all this knowledge but did not nothing about this inciden[t] . . . [and] did not seek out justice against the City of Phoenix Police Department and the Maricopa County Sher[]iff's [O]ffice for not doing their jobs as well." Plaintiff asserts Defendants "are all biased judges and therefore need to be thrown off the Bench for their wrongful acts of duties." Plaintiff seeks monetary damages, for Defendants to be "audited for their contempt of the Courts," and for an explanation as to "why they all dismiss[ed his Maricopa County Superior Court criminal case, CR 2008-141435] with prejudice."

**IV.  Dismissal**

Judges are absolutely immune from suits under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Against federal judges, absolute immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullins v. United States Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987).

An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge

is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff's claims against Defendants relate to their conduct in Plaintiff's state court criminal case or the many cases he has filed in this Court. Because his claims relate to Defendants' judicial acts, they are barred by judicial immunity. Thus, the Court will dismiss the Motion to Reopen and this action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.

(2) The Motion to Reopen (Doc. 1) is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and the Clerk of Court must enter judgment accordingly.

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 20th day of September, 2021.

James A. Teilborg
Senior United States District Judge